<div style="writing-mode: vertical">United States District Court<br/>Northern District of California</div>

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA LOAN SERVICES LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SHERRYL LISING and DOES 1 through 10 inclusive,<br><br>        Defendants. | Case No. CV-12-04939-JSC<br><br>**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION TO REMAND (Dkt. No. 7)** |

Now pending before the Court is Plaintiff's motion to remand this unlawful detainer action back to Alameda County Superior Court for lack of subject matter jurisdiction. (Dkt. No. 7.) After careful review of the state court complaint and Plaintiff's motion, the Court finds that this federal court lacks jurisdiction and recommends that Plaintiff's motion to remand be GRANTED.

**BACKGROUND**

This action arises from Plaintiff's efforts to evict Defendant from residential property located at 3172 San Andreas Drive, Union City, California 94587 (the "Property"). (Complaint ¶ 2.) On December 27, 2010, the Property was sold to Plaintiff under a power of sale contained in a Deed of Trust. (*Id.* ¶ 5.) On January 14, 2011, Plaintiff filed an unlawful detainer action for less than

$10,000 in Alameda County Superior Court based on Defendant's failure to comply with Plaintiff's January 4, 2011 notice to vacate. (*Id.* ¶ 7.) Defendant was served with the complaint on January 18, 2011. (Dkt. No. 7, Ex. C.) On September 21, 2012, Defendant removed the unlawful detainer action to federal court, alleging the existence of a federal question. (Dkt. No. 1.) Plaintiff subsequently moved to remand. (Dkt. No. 7.)

## DISCUSSION

Defendant's Notice of Removal argues removal to federal court is proper pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441. Defendant contends that diversity jurisdiction pursuant to Section 1332 is present because she and Plaintiff are citizens of different states and the amount in controversy exceeds the sum of $75,000. Defendant, however, is incorrect. Under 28 U.S.C. § 1441(b), an action is not removable under diversity jurisdiction if the defendant is a citizen of the state in which the action was brought. Here, Defendant is a citizen of California. Therefore, because the case was brought by Plaintiff in a California state court, she may not remove the action to federal court. Additionally, because the amount in controversy is less than $75,000, diversity jurisdiction is inapplicable. *See Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322 *2 (N.D. Cal. Jan. 21, 2011) (finding no diversity jurisdiction where, as here, the plaintiff's complaint seeks less than $10,000, as stated prominently on the face of the complaint).[1]

Defendant also asserts that federal question jurisdiction exists here because there are questions arising under federal law. A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law only if a "well-pleaded complaint" alleges a *cause of action* based on federal law—"an actual or anticipated defense" does not confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). The defendant seeking removal "bears the burden of establishing that removal is proper" and the "removal statute is

---

[1] Defendant provides no support for her argument that the fair market value of the property should be considered in determining the amount in controversy. Indeed, the rule is otherwise. *See Onewest Bank, FSB v. Fabionar*, 2010 WL 5058394 * 4 (N.D. Cal. Dec. 6, 2010) ("In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy.").

2

strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.,* 582 F.3d 1083, 1087 (9th Cir. 2009).

Here, the original complaint filed in state court reveals no federal statutory or constitutional question. Instead, Plaintiff alleges a single claim against Defendant for unlawful detainer, which is a state law cause of action. *See Fed. Nat'l Mortg. Ass'n. v. Lopez*, 2011 WL 1465678 * 1 (N.D. Cal. Apr. 15, 2011) (holding removal was improper where defendant asserted a federal question arising from an unlawful detainer action); *GMAC Mortg., LLC v. Rosario*, 2011 WL 1754053 *2 (N.D. Cal. May 9, 2011) (finding no federal question pled in an unlawful detainer action); *Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322 * 2 (N.D. Cal. Jan. 21, 2011) (remanding a removed unlawful detainer action back to state court after finding no federal question jurisdiction); *Wescom Credit Union v. Dudley*, 2010 WL 4916578 *2 (C.D. Cal. Nov. 22, 2010) (stating that an "unlawful detainer action does not arise under federal law"); *Aurora Loan Servs., LLC. v. Martinez*, 2010 WL 1266887 *1 (N.D. Cal. Mar. 29, 2010) (determining the federal court had no jurisdiction where "plaintiff's complaint clearly states only a cause of action for unlawful detainer" and therefore "does not allege any federal claims whatsoever").

Since Plaintiff's cause of action does not "arise under" federal law, Defendant improperly removed this case to federal court. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (stating that "under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law"). Defendant's defenses to Plaintiff's unlawful detainer claim, which concern Plaintiff's alleged illegal actions in foreclosing on Defendant's home, do not confer federal jurisdiction. As stated above, an affirmative defense, regardless of merit, does not involve a federal question. *Provincial Gov't of Marinduque*, 582 F.3d at 1086 (noting that "the federal question on which jurisdiction is premised cannot be supplied via a defense; rather, the federal question must be disclosed upon the face of the complaint, unaided by the answer") (internal citation and quotation marks omitted). Even if Defendant were to characterize her argument as "a counterclaim, a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).  Thus, there is no federal question jurisdiction.[2]

## CONCLUSION

Since Defendant has not established federal jurisdiction over this action, removal from state court was improper.  As not all parties have consented to or declined the undersigned's jurisdiction, the Clerk of the Court is ordered to reassign this action to a district court judge.  Based on the foregoing, this Court RECOMMENDS that the newly assigned district court judge GRANT Plaintiff's motion and remand this action back to Alameda County Superior Court.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate Order.

**IT IS SO ORDERED.**

Dated: January 4, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The notice of removal is also untimely.  Section 1446(b) requires a notice of removal to be "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).  Here, the complaint was served on January 18, 2012, yet the notice of removal was not filed until September 21, 2012—well after the 30-day limit imposed by Section 1446(b).